# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| DAVID ALLAN GUINARD<br><br>Plaintiff,<br><br>vs.<br><br>NIC SALOIS, LORI ADAMS, BRENT GETTY, ALISON E. HOWARDS, DAVID EDWARDS, KATHERINE R. CURTIS, KYLE HINZMAN, and RANDY BLOCK,<br><br>Defendants. | Cause No. CV 12-00058-H-DLC-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. Guinard has filed a Motion to proceed in Forma Pauperis, a proposed Complaint, and a Motion to Appoint Counsel. C.D. 1, 2, 6. Mr. Guinard alleges a wrongful conviction and that the witnesses in his criminal case committed defamation. The Motion to Proceed in Forma Pauperis will be granted and the Motion for Appointment of Counsel will be denied. The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action

1

presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1). Upon referral, magistrate judges are only permitted to rule on motions that do not decide all or part of a case without the consent of the parties. 28 U.S.C. § 636(b). Magistrate judges do not have jurisdiction to rule on case-dispositive motions without consent, and can only enter findings and recommendations on those motions. Id. Upon consent of the parties, a magistrate judge may conduct all proceedings and enter judgment for the entire case. 28 U.S.C. § 636(c).

### III. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Guinard submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Guinard must pay the statutory filing fee of $350.00. Mr. Guinard submitted an account statement showing he has insufficient funds to pay an initial filing fee, therefore, the initial partial filing fee will be waived. Mr. Guinard must make monthly payments of 20% of the

preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. See 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Guinard to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**IV. MOTION TO APPOINT COUNSEL**

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). In fact, unlike in criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C.§ 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). Further, much different from a criminal case, a judge may only even request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Terrell, 935 F.2d at 1017 (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

As set forth below, Mr. Guinard's Complaint is recommended for dismissal. Accordingly, Mr. Guinard has not demonstrated a likelihood of success on the merits. Likewise, he has not demonstrated exceptional circumstances that would empower a court to request counsel to represent him in this matter. The motion for appointment of counsel will be denied.

## V. STATEMENT OF CASE

### A. Parties

Mr. Guinard is a prisoner proceeding without counsel. He was incarcerated at Crossroads Correctional Center at the time he filed this action but has since been moved to the Helena Pre-Release Center in Helena, Montana. Mr. Guinard does not give the employment positions of the named defendants. The Court has gleaned from the documents filed with the Complaint the following information about Defendants: Nic Salois, Flathead County Sheriff Deputy; Brent Getty, public defender; Alison E. Howards, Flathead County Deputy County Attorney;

Judge Katherine R. Curtis; and probation and parole officers David Edwards, Kyle Hinzman, and Randy Block. C.D. 2, pp. 4-5. Lori Adams is also listed as a defendant but there is no indication of her job title. The Office of the Flathead County Attorney's Office lists Ms Adams as a Deputy County Attorney. [www.flathead.mt.gov](www.flathead.mt.gov) (accessed July 31, 2012).

### B. Factual Background

It is difficult to understand the nature of Mr. Guinard's claims without consideration of Mr. Guinard's prior criminal proceedings. According to Mr. Guinard's appellate brief filed in the Montana Supreme Court in an appeal of his probation revocation sentence, Mr. Guinard was convicted in 2001 of criminal possession of precursors to dangerous drugs and criminal endangerment. See Brief of Appellant, State v. Guinard, Montana Supreme Court No. DA 11-0465, filed January 27, 2012. He was committed to the Department of Corrections for ten years with seven years suspended on each count to run concurrently. Mr. Guinard discharged the Department of Corrections portion of his sentence in 2004.

On June 4, 2010, the State filed a petition to revoke Mr. Guinard's suspended sentence. A hearing was held and the district court revoked the suspended sentence. On July 30, 2010, a sentencing hearing was conducted in which the prosecutor erroneously told the court it could sentence Mr. Guinard to

5

the Montana State Prison as opposed to committing him to the Department of Corrections. The court sentenced Mr. Guinard to the Montana State Prison for two concurrent seven-year terms.

On December 15, 2010, attorneys for the State and Mr. Guinard filed a stipulation indicating that the court imposed an illegal sentence when it sentenced Mr. Guinard to the Montana State Prison as opposed to committing him to the Department of Corrections. Mr. Guinard was re-sentenced on January 3, 2011 and was committed to the Department of Corrections for seven years with two years suspended. C.D. 2-1, pp. 2-16; C.D. 2-2, pp. 7-19 (transcripts from Mr. Guinard's criminal proceedings).

**C. Allegations**

Mr. Guinard alleges he has been stripped of his rights of freedom and Defendants committed acts of libel and slander. His specific allegations are somewhat incoherent but it appears he is alleging the following claims against the named defendants: (1) Nic Salois did not read him his Miranda rights; (2) Brent Getty, Mr. Guinard's public defender, misled him and committed an act of libel in violation of his due process rights; (3) Defendants Edwards, Hinzman, and Block gave false statements about him in court; (4) Lori Adams told Judge Curtis she could sentence him to the Montana State Prison instead of the Department of

6

Corrections; (5) Alison Howard made false and misleading statements about him; and (6) Judge Curtis gave him an illegal sentence. C.D. 2, pp. 4-6.

## VI. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW

Mr. Guinard is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94

(2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## VII. ANALYSIS

### A. Miranda Violation

Mr. Guinard first alleges Defendant Nic Salois did not read him his Miranda rights. From a reading of the transcripts submitted with the Complaint, it appears that Mr. Salois, a Flathead County Sheriff's Deputy, pulled Mr. Guinard over on a traffic violation which ultimately led, in part, to the revocation of his probation. C.D. 2-2, pp. 8-9.

The remedy for failing to give Miranda warnings is exclusion of any compelled statements, it is not a § 1983 action. Juran v. Independence or Cent. School Dist. 13J, 898 F.Supp. 728 (D.Or. 1995) citing Warren v. City of Lincoln, Neb., 864 F.2d 1436, 1442 (8th Cir.1989) ("the remedy for a Miranda violation is the exclusion from evidence of any compelled self-incrimination, not a § 1983 action.").

As such, this claim will be recommended for dismissal.

### B. Challenge to Convictions

Mr. Guinard alleges he has been "stripped of his freedom." C.D. 2, p. 8. The Montana Department of Corrections website indicates Mr. Guinard is

currently in a pre-release center incarcerated on the probation violation arising from his convictions for criminal endangerment and criminal possession of precursors to dangerous drugs.  www.app.mt.gov/conweb (accessed July 31, 2012).

To the extent Mr. Guinard is challenging his probation revocation or underlying conviction, those claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged.  Heck, 512 U.S. at 487.

A finding that Mr. Guinard's rights were violated during his criminal proceedings would necessarily imply the invalidity of his conviction or probation revocation.  As Mr. Guinard's conviction and probation revocation have not been reversed, declared invalid, expunged, or called into question, any claims challenging his probation revocation or underlying conviction are barred by Heck.

**C. Defense Attorney**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States

was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). In Polk County v. Dodson, 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. See also Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003)(en banc).

Even if Mr. Guinard could prove Mr. Getty somehow violated his rights under the United States Constitution, he cannot state a federal claim for damages against Mr. Getty because there would be no state action. All claims against Mr. Getty will be recommended for dismissal.

**D. Immunity**

The remaining defendants are entitled to absolute immunity.

### 1. Judge Curtis–Judicial Immunity

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1389 (9th

Cir. 1987) cert. denied, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985).

All allegations against Judge Curtis arise from her official duties in connection with Mr. Guinard's criminal proceedings. She is entitled to judicial immunity.

### 2. Defendants Howard and Adams--Prosecutorial Immunity

A prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when they engage in activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). In order to determine whether a prosecutor is entitled to absolute immunity, the Supreme Court has adopted a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993).

All allegations against Defendants Howard and Adams arise from their activities intimately associated with the judicial phase of the criminal proceedings.

These Defendants are entitled to prosecutorial immunity. Kalina v. Fletcher, 522 U.S. 118, 123-24 (1997).

Probation Officers Edwards, Hinzman, and Block are also immune. Mr. Guinard's accusation that these officers provided false testimony while in court suggests any alleged misconduct occurred directly within their service to the court for which they are entitled to quasi-judicial immunity. Demoran v. Witt, 781 F.2d 155, 157-158 (9th Cir. 1985). Moreover, officers are immune from damages liability for actions brought on the basis of false testimony. Briscoe v. LaHue, 460 U.S. 325, 326 (1983).

## VIII. CONCLUSION

### A. Leave to Amend

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.

1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

Mr. Guinard's claim regarding Deputy Salois's failure to give Miranda warnings fails to state a claim upon which relief may be granted; any claims challenging Mr. Guinard's underlying conviction or probation revocation are barred by the Heck doctrine; Mr. Guinard cannot state a federal claim against Defendant Getty because there is no state action; and Defendants Curtis, Howard, Adams, Edwards, Hinzman, and Block are entitled to absolute immunity. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to Heck, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. Andrews v. Cervantes, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme

14

Court in Heck stated its ruling was based on a denial of "the existence of a cause of action." Heck, 512 U.S. at 489. Several other courts have held that Heck dismissals constitute dismissals for failure to state a claim. See e.g., Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of Heck, the complaint was properly dismissed for failure to state a claim."); Ransom v. Westphal, et al., 1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); Romero v. United States, et al., No. CV 11–531–PHX–DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to Heck should be a strike under 28 U.S.C. § 1915(g).

In addition, Mr. Guinard has otherwise failed to state a claim against Defendants Salois and Getty and Defendants Curtis, Howard, Adams, Edwards, Hinzman, and Block are all clearly entitled to immunity. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**D. Address Changes**

At all times during the pendency of this action, Mr. Guinard SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."

15

The notice shall contain only information pertaining to the change of address. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED:**

    1. Mr. Guinard's Motion to Proceed in Forma Pauperis C.D. 1 is granted.

    2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 2 to remove the word "LODGED" and the Complaint is deemed filed on June 11, 2012.

It is **RECOMMENDED:**

    1. Mr. Guinard's Complaint C.D. 2 should be dismissed.

    2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

    4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Guinard failed to

state a claim upon which relief may be granted and his claims are frivolous.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Guinard may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Guinard files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Guinard from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections

may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of August, 2012.

                                            /s/ Keith Strong
                                            Keith Strong
                                            United States Magistrate Judge